IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IVERA MEDICAL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | No. 6:10cv545 JDL |
| | § | |
| HOSPIRA, INC., | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hospira, Inc.'s ("Hospira") Motion to Transfer Venue under 28 U.S.C. § 1404(a) and (b). (Doc. No. 8). The matter has been fully briefed. (Doc. Nos. 15, 19 & 26). Having considered the parties' submissions, the Court finds the Southern District of California is clearly more convenient. Therefore, Hospira's motion is **GRANTED**.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001); *Mohamed v. Mazda Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000). The party seeking transfer must show good cause for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). To show good cause, the moving

party must demonstrate the transferee venue is clearly more convenient. *Id.* at 315.

When deciding whether to transfer venue, a district court balances the private interests of the parties and the public interests in the fair and efficient administration of justice. The private interest factors the court considers are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)("*Volkswagen I*"). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict laws or in the application of foreign law. *Id.*

## DISCUSSION

Listed in order of preference, Hospira moves to transfer this action to (1) the Northern District of Illinois; (2) the Southern District of California; or (3) the Central District of California. MTN AT 1-2. Ivera Medical Corporation ("Ivera") contends that between the Southern District of California and the Northern District of Illinois, the Southern District of California is more convenient. RESPONSE AT 2. On balance, the factors in this case favor transfer to the Southern District of California.

**I.    The Private Interest Factors**

As a threshold matter, the Court finds that Ivera could have brought this suit in the Southern District of California where Ivera is headquartered. MTN AT 1-2.

Turning to a discussion of the private interest factors outlined in *Volkswagen I*, the Court

finds these factors favor transfer. Although Hospira's business records are located in Illinois, the bulk of the physical evidence is located in California. The majority of Ivera's relevant documents are located in the Southern District of California where Ivera is based. RESPONSE AT 2-3. Ivera further notes that most of the relevant documents in this case have already been produced in a trade secrets action taking place in Los Angeles, California. *Id.* at 7. Moreover, third-party Amsino International, Inc.'s ("Amsino") documents are located in the Central District of California. SURREPLY AT 2, 4. Not only did Amsino have a major role in the design and development of Hospira's Effect-IV cap, the accused product, but Amsino also manufactures the accused cap. RESPONSE AT 4-5.

Ivera argues that documents located in Texas should be given weight in the venue analysis. *Id.* at 3. In particular, Ivera contends that the Court should consider Don Canal's documents in Mabank, Texas. *Id.* Canal contracted with Ivera to aid with the development, testing, and regulatory clearance of Ivera's CUROS® Port Protector ("CUROS device"), the original device covered by U.S. Patent No. 7,780,794 ("the '794 patent"), the patent at issue. *See id.* at 3 (stating Bobby Rogers, the inventor listed on the '794 patent, conceived of the CUROS device). Ivera states that Canal's documents relate to the preparation of quality system procedures and design control documents, the performance of functional testing, and the development and testing of the manufacturing equipment for the CUROS device. *Id.* Even though these potentially relevant[1] documents are located in Texas, Ivera acknowledges that the greater volume of documents is located in California; not only are the bulk of Ivera's documents located in California, but so are Amsino's documents, as well as the

---

[1] The Court questions the relevance of Canal's documents to the determination of patent infringement, as compared to the documents in California.

3

25,000 pages of documents already produced in the related trade secrets case pending in Los Angeles. *See* RESPONSE AT 7. While there are competing considerations between the Southern District of California and the Central District of California, the Court finds that this factor favors transfer to the Southern District of California because Hospira, the moving party, prefers the Southern District of California over the Central District of California and Ivera is headquartered in the Southern District of California.

In addition, the majority of potential witnesses are located in California. *See* RESPONSE AT 10. According to Ivera, six potential witnesses reside in California, versus three witnesses located in the Chicago area and the one witness, Canal, located in Texas. SURREPLY AT 4. Although Ivera also states that hospital administrators in Texas may be potential witnesses, Ivera has not specifically identified any such witnesses. SURREPLY AT 3. Moreover, hospital administrators likely have little information relevant to patent infringement. Therefore, these potential witnesses do not weigh in the transfer analysis. Because travel to the Southern District of California will be cheaper for the majority of identified witnesses, this factor weighs in favor of transfer. Further, between the Southern District of California and the Eastern District of Texas, the Southern District of California has the greater potential to be able to exercise subpoena power over these witnesses.

Along with its arguments concerning the location of documents and witnesses, Ivera claims that venue in this district is permissible because the accused products are sold and distributed in Texas. Such a position is contrary to Federal Circuit law. *See In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) (citing *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008)). Similarly, Ivera's contention that venue is supported by its belief that it is being locked out of selling its product to certain hospitals in Texas is unavailing. As stated above, the Federal Circuit

has made clear that the sale of accused products within a jurisdiction does not support venue or give one jurisdiction more weight over another. *See id.* Likewise, venue is not supported in a particular jurisdiction just because a competing product is sold and distributed in that district. Moreover, an argument seemingly implicating unfair competition has little relevance to patent infringement.

Simply put, because Ivera fails to show that this case has any meaningful ties to the forum, the private interest factors favor transfer.[2] *Compare Odom v. Microsoft Corp.*, 596 F. Supp. 2d 995, 1003 (E.D. Tex. 2009) (granting transfer because transferor forum had no meaningful connection to case), *and Dura Operating Corp. v. Magna Int'l, Inc.*, No. 6:08cv455 (E.D. Tex. Mar. 26, 2010) (same), *with Eolas Technologies, Inc. v. Adobe Systems, Inc.*, 2010 WL 3835762, at *4 (E.D. Tex. Sept. 28, 2010) (denying transfer based in part on plaintiff's ties to the transferor forum), *and NovelPoint Learning LLC v. LeapFrog Enterprises, Inc.*, 2010 WL 5068146, at *5 (E.D. Tex. Dec. 6, 2010) (same).

## II.     The Public Interest Factors

The public interest factors slightly favor transfer. The Northern District of Illinois has a local interest in the outcome of the case given that Hospira's principal place of business is located in Illinois, as are witnesses whose work and reputation are called into question. *See Hoffman-La Roche*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). On the other hand, Ivera is based in San Diego, California, and the development of Ivera's product also occurred in San Diego. RESPONSE AT 2-3. Therefore, both the Southern District of California and the Northern District of Illinois have a local

---

[2] The Court notes that Ivera filed another action in the Eastern District of Texas, *Ivera Medical Corporation v. Excelsior Medical Corporation*, Civil Action No. 6:11cv220. However, this does not affect the venue analysis. *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (dismissing the argument that a second lawsuit asserting the same patent in the transferor venue weighed against transfer because the cases were in the infancy stages and involved different products).

interest in the outcome of the proceedings, while this forum does not. Therefore, this factor favors transfer; between the two transferee forums, however, the factor is neutral.

Because the transferor court and the two possible transferee courts are all familiar with federal patent law and there are no conflicts of law to avoid, the public interest factors slightly favor transfer.

## CONCLUSION

Under the circumstances presented here, the Court finds that transfer to the Southern District of California would be clearly more convenient. Therefore, Hospira's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) and (b) is **GRANTED**. The above entitled action shall be transferred to the Southern District of California.

All other pending Motions in this case should be handled by the transferee court.

**So ORDERED and SIGNED this 17th day of May, 2011.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE